UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

ALEXANDRIA DIVISION

| | | |
|---|---|---|
| OLIVER SANDEL and RAMONA SANDEL | * | CIVIL ACTION NUMBER : |
| Plaintiffs | * | |
| VERSUS | * | JUDGE : |
| VILLAGE OF FLORIEN WAYNE O'CON, | * | MAGISTRATE JUDGE: |
| DON FLORES and MICHAEL GILLEY | * | |
| Defendants | * | |

COMPLAINT AND DEMAND FOR JURY TRIAL

JURISDICTION

1.  This action is brought pursuant to 42 U.S.C. Section 1983, First, and the

Fourth and Fourteenth Amendments of the United States Constitution.  Jurisdiction is

founded on 28 U.S.C. Sections 1331 and 1343(1)(2)(3)(4) and the aforementioned

statutory and Constitutional provisions. The plaintiff invokes this court's supplemental

jurisdiction to hear state law claims pursuant to 28 USC 1367.

PARTIES

2.  Plaintiffs, OLIVER SANDEL and RAMONA SANDEL are citizens of the United

States and  residents of and domiciled in Florien, Sabine Parish, Louisiana.

3.  Made defendants  herein are

    A.      WAYNE O'CON  who was a patrol officer for the Village of Florien, and at all times herein mentioned, was acting in such capacity as the agent, servant and employee under the color of state law of the VILLAGE OF FLORIEN.  He is sued in his individual and in his official capacities.  He is a citizen of the State of Louisiana and is domiciled in Sabine Parish.

    B.      DON FLORES  who was a patrol officer for the Village of Florien police department, and at all times herein mentioned, was acting in such capacity as the agent, servant and employee under the color of state law of the defendant VILLAGE OF FLORIEN.  He is sued in his individual and in his official capacities.  He is a citizen of the State of Louisiana and is domiciled in Sabine Parish.

    C.      MICHAEL GILLEY  who was a patrol officer for the Village of Florien police department, and at all times herein mentioned, was acting in such capacity as the agent, servant and employee under the color of state law of the defendant VILLAGE OF FLORIEN.  He is sued in his individual and in his official capacities.  He is a citizen of the State of Louisiana and is domiciled in Vernon Parish.

4.   Made defendant herein is VILLAGE OF FLORIEN which is a political subdivision of the State of Louisiana.

**FACTS**

5.   Your Petitioners were at all times herein married and living together outside the village limits of Florien, Louisiana.

6.   On or about December 6, 2013, Defendants Gilley, O'Con, Flores and other Sabine Parish Sheriff deputies arrived at Plaintiffs' home to execute arrest warrants upon their adult son,  Nathan Sandel.

7.   Your Petitioner Oliver Sandel arrived at his home.  He saw several officers there including the named individual Defendants.

8.     Your Petitioner Ramona Sandel  arrived a short time later in a different vehicle than her husband. Ramona Sandel attempted to enter her home through an attached carport.  She was told by a Sabine Parish deputy that she couldn't go inside. Mrs. Sandel, not familiar with police procedures and wanting to talk to her son who was inside and wanted on warrants, proceeded to unlock her carport door to go inside the home Florien officer Gilley took physical control of Ramona Sandel.

9.     Ramona Sandel never offered any active physical resistance to any officer.

10.    Defendant Gilley, however, took Ramona Sandel to the ground by

slamming Sandel face first onto the concrete floor of the carport injuring her.   Gilley,

Flores and O'Con held her down.  One placed a knee in her back.  There were no

exigent circumstances to justify the use of any force more than  that needed to move

her away from the door.  Plaintiff Ramona Sandel was not placed under arrest.

11.    Once Oliver Sandel saw the treatment of his wife being physically

manhandled, he exited his vehicle and walked toward the car port.  He demanded the

officers release his wife.  Gilley stated she would not be getting up.  Oliver Sandel

continued to approach the area where his wife was lying.  Oliver Sandel was unarmed.

Mr. Sandel made a racially derogatory comment to Officer Gilley, who is black.  Mr.

Sandel is white.  Immediately and without any warning, Gilley tased Mr. Sandel. Gilley

tased Sandel in the chest and arm.

12.    Sandel fell to the ground.  While attempting to regain control of his body

after being tased, Gilley demanded Sandel roll over to be handcuffed.  Sandel was

unable to comply with the command.  Officer Gilley tased Mr. Sandel a second time, all

without cause.

13.    Once Mr.  Sandel was tased the second time by Gilley, he was

handcuffed. Then, a short time later both Oliver Sandel and Ramona Sandel, were

released and permitted to go about their business.

14.    The law enforcement officers present left after the Sabine Parish Sheriff

negotiated the arrest of Nathan Sandel.  Mr. Sandel driving behind the Sheriff

transported Nathan Sandel to the jail where he was booked.

15.    As a result of the excessive use of force, Ramona Sandel suffered

assorted abrasions and contusions on her body.  She developed severe headaches

requiring her transport to a medical facility for treatment.

16.    As a result of the tasing, Oliver Sandel suffered mental distress, shock

and infection from one of the prongs which required medical treatment.

17.    After the incident described above, around December 9, 2013, Officers

Gilley, Flores and O'Con caused warrants to issue for the arrest of your Petitioners on

three charges.  Your petitioners surrendered themselves at the Sabine Parish jail and

were released after posting bond.

18.    The Sabine Parish District Attorney refused to prosecute your Petitioners

on but one charge each of resisting arrest.  After a trial Mr. Sandel was found not guilty.

**FIRST CAUSE OF ACTION:**
**FALSE ARREST and DETENTION**

19.   Plaintiff OLIVER SANDEL  reiterates and realleges paragraphs 1 -18 as

though fully set forth herein.  Made defendants are Flores, O'Con and Gilley and the

Village of Florien.

20.   OLIVER SANDEL contends that defendants violated his right

 to be free from false arrest or detention in violation of the Fourth and Fourteenth

Amendments, as applied to the Village of Florien,  of the U.S. Constitution. Defendants arrested plaintiffs without probable cause and caused a warrant to be falsely issued.

21.     The Village is liable for a failure to train defendants properly in the law of arrest, detention, use of force, tasers, disturbing the peace, entry upon land or home and failing to properly supervise him.

### SECOND CAUSE OF ACTION: EXCESSIVE USE OF FORCE

22.  Plaintiffs Oliver Sandel and Ramona Sandel reiterate and reallege paragraphs 1 - 21 as though fully set forth herein.   Made defendants are O'Con, Flores, Gilley and Village of Florien.

23.   The defendants violated Oliver Sandel's and Ramona Sandel's right to be free of excessive use of force in violation of the Fourth and Fourteenth Amendments, as applied to the Village  of the U.S.  Constitution when Gilley forcibly slammed Plaintiff Ramona Sandel to the ground and when Gilley tased Plaintiff Oliver Sandel.  Flores and others  failed to intervene to prevent the excessive uses of force as described hereinabove.

24.     Plaintiff Oliver Sandel contends that the use of force upon him by defendants was in retaliation for his use of a racial epithet.

25.     The Village of Florien is liable because it failed to properly train Gilley in apprehending, securing and tasing techniques.

## THIRD CAUSE OF ACTION:
## FIRST AMENDMENT

26.  Plaintiff reiterates and realleges paragraphs 1 - 25 as though fully set forth herein.   Made defendants are O'Con, Flores, Gilley and Village of Florien

27.   The defendants violated Plaintiffs Ramona Sandel and Oliver Sandel's right to exercise of free speech by arresting them because Oliver Sandel used a racial epithet toward Gilley.

28.  Plaintiff Oliver Sandel contends that the use of force upon him by defendants was an attempt to intimidate plaintiff and retaliation for exercising those rights.  Ramona Sandel was arrested due to her association with Oliver Sandel.

## FOURTH CAUSE OF ACTION:
## STATE LAW CLAIMS: UNLAWFUL ARREST and EXCESSIVE FORCE

29.  Plaintiffs reiterate and reallege all of the foregoing paragraphs as though fully set forth herein.

30.  Plaintiff alleges violations of Louisiana Civil Code Article 2315.  Defendants while in  the course and scope of his employment with the Village of Florien violated plaintiff's rights under Article One Section 5 of the 1974 Louisiana Constitution. Also, the defendants are liable under LSA-C.C. art. 2315 and the Code of Criminal Procedure Articles.  The defendants are liable in solido unto plaintiff.  Plaintiffs brings

suit for false arrest and excessive use of force.

31.  Plaintiffs contend that Defendants committed acts of fault  and negligence by causing the arrest of petitioner, and  using excessive force and negligent apprehension and tasing techniques.  The town failed to train and supervise the Town's employees.  Plaintiffs were on his own property and was protected by law as such.

32.    No Defendant or other employee of the Village of Florien is entitled to qualified  immunity under federal or state law.

33.    Comparative fault and joint liability is applicable to petitioner's state law claims under C.C. art.  2315, 2323 and 2324.

## MISCELLANEOUS PROVISIONS

34.  Due to the malicious and deliberately indifferent actions of Defendant Gilley, Flores and O'Con,  plaintiffs are entitled to an award of punitive damages against the individual officers only.  Plaintiff does not seek punitive damages against the town.

35.    Plaintiffs demand a trial by jury.

36.    Plaintiffs suffered mental distress,  loss of liberty, invasion of privacy, pain and suffering, loss of earning capacity, loss of enjoyment of life, embarrassment and humiliation as a result of the actions of the defendants.

37.    Plaintiffs suffered consequential damages in terms of lost business profits

and opportunities.  Plaintiff Oliver Sandel operates a business which suffered a slow down after the incident.

38.    Plaintiffs are entitled to an award of attorney fees and costs under 42 USC 1983 and 1988.

WHEREFORE, PLAINTIFFS, OLIVER SANDEL and RAMONA SANDEL pray that:

1.    They  be granted a trial by jury.

2.    There be judgment herein and against Defendants VILLAGE OF FLORIEN, WAYNE O'CON, DON FLORES, and MICHAEL GILLEY in solido in a reasonable amount to be set by the Court, plus judicial interest, compensatory damages, consequential damages, and all costs of court, including attorney fees.

3.    There be judgment herein against Officers Gilley, O'Con and Flores for punitive damages.

4.    Such other and further relief as may be just.

Respectfully Submitted,

*/s/ Nelson W. Cameron*

Nelson W. Cameron Bar # 01283
Attorney at Law
675 Jordan Street
Shreveport, LA 71101
318/226-0111
**Counsel for Plaintiffs**